IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALYON JEROME ORR, | No. C 11-3596 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| JAMES A. YATES, | |
| Respondent. | (Docket No. 2) |

  Petitioner filed this pro se petition for a writ of habeas corpus under 28 U.S.C. 2254 challenging a state court conviction.

  Petitioner states that he presently has a "petition, appeal or other post-conviction proceeding" pending before the California Supreme Court (Pet. 5). The Ninth Circuit has held unequivocally that the habeas exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. *Ibid.*

  The petition is **DISMISSED** without prejudice to refiling it when no further proceedings are pending in the California state courts. The application for leave to proceed in forma pauperis (docket number 2) is **GRANTED**. The motion to strike unexhausted claims from the petition (docket number 4) is **DENIED**.

  Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in

1  which the petition is dismissed. Petitioner has failed to make a substantial showing that
2  reasonable jurists would find it debatable whether the district court was correct in its procedural
3  ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of
4  appealability is warranted in this case.

5  **IT IS SO ORDERED.**

6  Dated: August  29  , 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

26  G:\PRO-SE\WHA\HC.11\ORR3596.DSM.wpd

2